UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BILLD EXCHANGE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BEST CHOICE CONSTRUCTION, LLC, a North Dakota limited liability company, and UNITED STATES FIRE INSURANCE COMPANY, a Delaware corporation,<br><br>Defendants. | 5:21-CV-05042-KES<br><br><br>ORDER DENYING SANCTIONS |

Plaintiff, Billd Exchange LLC (Billd), moves for sanctions to be imposed on defendant Best Choice Construction, LLC (Best Choice) under Federal Rule of Civil Procedure 37(b)(2). Docket 40. Best Choice opposes the motion. Docket 43.

**FACTS**

The underlying dispute in this case arose out of a construction project for the Bureau of Indian Affairs for the replacement of the roof at the Adult Offenders Facility in Pine Ridge, South Dakota. *See* Docket 1. Billd alleges that it "supplied certain materials to the project for which it has not been paid" and is entitled to damages under the Miller Act and under state law. *See* Docket 41 at 1. Best Choice contends that all work performed was contemplated by and

compensated in accordance with the contract at issue in this case. *See* Docket 61 ¶¶ 4-8.

Following discovery in this case, Billd filed a motion to compel seeking Best Choice's answer to certain discovery requests. Docket 22 at 1. On June 27, 2022, the court held a hearing on the motion. Docket 28. As a result of the hearing, on June 30, 2022, the court granted Billd's motion to compel. Docket 31. The court also granted Billd's request for attorneys' fees arising from the motion. *Id.* Billd submitted an itemized accounting for $1,960.00 in attorneys' fees arising from the motion to compel. Dockets 30, 30-1. Defendant did not object to the reasonableness of the fees.

On August 2, 2022, counsel for Billd sent a letter to Best Choice inquiring about the status of the attorneys' fees and when Billd "can expect payment of those fees." Docket 42-1. On August 9, 2022, counsel for both parties exchanged emails about the fees, with counsel for Best Choice stating that he "informed [his] client . . . that it was ordered to pay the fees[.]" Docket 42-2.

On September 15, 2022, Billd moved for sanctions against Best Choice under Federal Rule of Civil Procedure 37(b)(2). Docket 40. Best Choice opposes the motion. Docket 43.

## DISCUSSION

### I. Rule 37 Sanctions

Under Rule 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further

just orders." Fed. R. Civ. P. 37(b)(2)(A). Those further orders may include: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; [or] rendering a default judgment against the disobedient party." *Id.* (section numbers omitted).

Billd argues that, because Best Choice failed to pay the fees as ordered in the court's motion to compel, Rule 37 sanctions are available to the court. Docket 41 at 3-4. Billd urges the court to issue an order entering a default judgment in its favor if Best Choice does not pay the fees within ten days. *Id.* Alternatively, Billd asks the court to strike Best Choice's affirmative defenses. *Id.* at 4. Billd also requests attorneys' fees incurred in bringing its motion for sanctions. *Id.*

Best Choice contends that Rule 37 sanctions are not available to the court in this case because, though it has not paid the attorneys' fees as required by the motion to compel, it has complied with all discovery obligations required by the order. *See* Docket 43 at 2. Under the plain text of Rule 37, sanctions are only available when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also* Docket 43 at 2. Thus, Best Choice proposes that failure to comply with non-discovery portions of an order are not actionable under Rule 37. *See id.*

A New York district court addressed a similar argument in *New York v. Gleave*, 189 F.R.D. 263, 266-67 (N.Y.W.D. 1999). In *Gleave*, a party complied with the discovery portion of a motion to compel but failed to pay the ordered

3

attorneys' fees. *Id.* at 265-66. The opposing party brought a motion for sanctions. *Id.* In analyzing whether sanctions were available under Rule 37, the court looked at the text of the rule and concluded that a failure to pay attorneys' fees was not failure "to comply with an order compelling discovery" and "[a]s such, the court cannot direct sanctions . . . under the authority of Rule 37." *Id.* at 267.

This court agrees with the holding in *Gleave*. The plain text of Rule 37 gives the court authority to impose sanctions only when a party violates a discovery obligation. *See* Fed. R. Civ. P. 37(b)(2)(A). Other orders from the court, even if issued simultaneously with discovery orders, are not actionable under the rule. The court thus does not impose Rule 37 sanctions on Best Choice.

## II.   The Court's Inherent Power to Impose Sanctions

Though sanctions are not available in this matter under Rule 37, as both the *Gleave* court and Billd recognize, the district court retains its inherent power to impose sanctions. *See* 189 F.R.D. at 267; Docket 46 at 2; *see Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010). But sanctions are only appropriate when the conduct at issue "abuses the judicial process." *See Gallagher*, 619 F.3d at 844 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). In this case, Best Choice complied with its discovery obligations, and Billd has not been prejudiced in preparing its case. If Billd wants to recover its attorneys' fees, it is free to do so by pursuing a garnishment or other collection

action. Thus, the court declines to impose sanctions against Best Choice at this time.

## CONCLUSION

Because the conduct at issue is not governed by Rule 37 and because the court does not find sanctions appropriate under its inherent authority, the court declines to impose sanctions against Best Choice. It is

ORDERED that Billd's motion for sanctions (Docket 40) is denied.

It is FURTHER ORDERED that each party shall pay its own attorneys' fees incurred as a result of the motion.

Dated May 30, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE